**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric W. Bright, *et al.*, | No. CV-22-00839-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Treehouse Group LLC, *et al.*, | |
| Defendants. | |

At issue is Defendants Treehouse Group, LLC ("Treehouse") and Breit-Brighthaven MHC, LLC's ("Brighthaven") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 13, "MTD"), to which *pro se* Plaintiffs Eric and Darlena Bright filed a Response (Doc. 18, "Resp."). Defendants did not file a Reply. Also at issue is Plaintiffs' Motion for Summary Judgment (Doc. 19), to which Defendants did not respond. The Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court grants Defendants' Motion to Dismiss and denies as moot Plaintiffs' Motion for Summary Judgment.

**I.   BACKGROUND**

In 2016, Plaintiffs entered into a rental agreement with Keith Management d/b/a Dollbeer Ranch Mobile Home Park ("Dollbeer Ranch"). (Doc. 1, Compl. ¶ 3.) In 2018, Defendant Brighthaven acquired the property leased to Plaintiffs through a sale agreement with Dollbeer Ranch. (Compl. ¶ 3.)

On or about October 28, 2019, Defendant Brighthaven filed an eviction action ("Eviction Action") against Plaintiffs in the East Mesa Justice Court. (MTD at 2; Doc. 13-2.) The trial was held on February 9, 2021, Plaintiffs failed to appear, and the Justice Court rendered a judgment for Defendant Brighthaven. (Doc. 13-4.) Defendant Brighthaven then submitted a proposed form of judgment and Plaintiffs failed to respond. On March 3, 2021, Plaintiffs filed a Motion to Vacate Judgment, which was denied by the Justice Court. (Docs. 13-3 and 13-4.) Plaintiffs appealed and the Maricopa County Superior Court affirmed the Justice Court's denial of Plaintiffs' Motion. Plaintiffs then sought review by the Arizona Court of Appeals which declined jurisdiction. (Doc. 13-5.) Thereafter, the Arizona Supreme Court declined Plaintiffs' petition for review. (Doc. 13-6.)

On January 5, 2021, Plaintiffs filed a civil action in the Maricopa County Superior Court ("State Action"). (Doc. 13-7, "State Action Compl.") In that case, Plaintiffs sought injunctive relief and declaratory relief to prevent Defendant Brighthaven from seizing their home and asked the court to vacate the Eviction Action judgment. (State Action Compl. at 1–2.) In the State Action, Plaintiffs argued that the Justice Court's decision was incorrect because Plaintiffs did not sign an agreement with Defendant Brighthaven, Defendant Brighthaven was violating the Arizona Mobile Home Parks Residential Landlord Tenant Act (the "Arizona Mobile Home Tenant Act"), Defendant Brighthaven was conducting frivolous occupancy inspections, and Defendant Brighthaven was attempting to fraudulently collect debt. (State Action Compl. at 2–3.) Defendant Brighthaven moved to dismiss the State Action for failure to state a claim. Plaintiffs failed to timely respond, and the Superior Court granted Defendant Brighthaven's Motion to Dismiss. (Doc. 13-8.) The Superior Court denied Plaintiffs' Motion for Reconsideration and awarded Defendant Brighthaven attorneys' fees and taxable costs. (Doc. 13-9.) The Court of Appeals affirmed the Superior Court's decision. (Doc. 13-11.)

On May 16, 2022, Plaintiffs filed this action against Defendants Treehouse and Brighthaven. In Count 1, Plaintiffs allege that Defendants have no authority under state or federal law to enforce the contract between Plaintiffs and Dollbeer Ranch. (Compl. ¶¶ 3-4.)

Plaintiffs allege in Count 2 that Defendants violated the Arizona Mobile Home Tenant Act. (Compl. ¶¶ 5–6.) Count 3 alleges Defendants falsified debt against Plaintiffs and engaged in fraudulent debt collection practices in violation of state and federal law. (Compl. ¶¶ 7-8.) Defendants now move to dismiss Plaintiffs' claims under Rules 12(b)(1) and 12(b)(6).

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

Unlike state courts, federal courts only have subject matter jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). "However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

### B. Rule 12(b)(6)

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679-80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. ANALYSIS

Defendants argue that Plaintiffs' claims should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). (MTD at 1.) First, Defendants contend that the Court lacks subject

1 matter jurisdiction under Rule 12(b)(1) because Plaintiffs' Complaint fails to sufficiently allege diversity or federal question jurisdiction. (MTD at 4–6.) Second, Defendants argue that Plaintiffs' claims are barred by res judicata and must be dismissed pursuant to Rule 12(b)(6). (MTD at 6–9.) In their Response, Plaintiffs contend that the Court has subject matter jurisdiction and that res judicata is inapplicable. (Resp. at 1, 5.)

### A. The Court Lacks Subject Matter Jurisdiction.

Plaintiffs do not assert that the Court has diversity jurisdiction, nor could they because Defendant Treehouse is incorporated in Arizona and Plaintiffs are domiciled in Arizona. *See* 28 U.S.C. § 1332(a), (c)(1). Therefore, the question is whether the Court has federal question jurisdiction.

Federal question jurisdiction is present where an element of a plaintiff's cause of action is a "right or immunity created by the Constitution or laws of the United States." *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936) (citation omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). As noted, motions to dismiss under 12(b)(1) can attack either the face of the complaint or the factual basis for the claims asserted, and different standards apply to each method of attack. *See Renteria*, 452 F. Supp. 2d at 919.

First, Plaintiffs allege that a federal question is created when a state court incorrectly applies the law and argue that the Arizona courts incorrectly applied the law in the Eviction Action and the State Action. (Resp. at 1, 5–6, 10.) However, "[u]nder *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). In addition to their state law claims, Plaintiffs also allege that Defendants engaged in debt collection practices in violation of federal law. Although Plaintiffs failed to cite to the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 801 *et seq*., in their Complaint, construed as true and read liberally, the Complaint alleges that Defendants violated the

FDCPA. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (holding that the court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt"). Thus, Defendants cannot succeed on their facial jurisdictional attack.

Defendants contend that the Court nevertheless lacks subject matter jurisdiction over Plaintiffs' FDCPA claim because Defendants are original creditors and therefore not covered by the statute and, accordingly, not properly named as defendants in this action. (MTD at 6 n.2.) This presents a factual attack on Plaintiffs' jurisdictional allegations.

The FDCPA governs debt collection practices by debt collectors. *See* 15 U.S.C. § 1692 *et seq*. Under the FDCPA, a "debt collector" means:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another…[including] any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts…[and] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). The term "debt collector" does not include original creditors or "any officer or employee of a creditor, while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. §§ 1692a(6)(A), 1692a(6)(F)(ii).

Both Defendants assert that they are original creditors and therefore not proper defendants under the FDCPA. Plaintiffs respond their claim is proper because they received a letter from the law firm purporting to represent Defendants stating, "THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (Resp. at 10; Doc. 18-3.) However, the letter cited by Plaintiffs demonstrates that Defendant Brighthaven is indeed an original creditor. Plaintiffs provided no evidence to rebut the assertion that Defendant Brighthaven is an original creditor and not covered by the FDCPA. Thus, Plaintiffs did not carry their burden of showing that there is a material dispute as to whether Defendant

Brighthaven is a properly named defendant. *See Rosales*, 824 F.2d at 803. The Court does not have subject matter jurisdiction over the FDCPA claim against Defendant Brighthaven.

The parties provide less information about Defendant Treehouse. Defendant Treehouse asserts it is the property management company for Defendant Brighthaven. (MTD at 8.) In asserting their factual attack, Defendants merely state that both Defendants are original creditors. However, Plaintiffs do not genuinely dispute, nor present evidence to question, Defendants' assertion that both Defendants are not proper defendants under the FDCPA. Plaintiffs entirely fail to address Defendant Treehouse in their Response. In the section of their Response that discusses the FDCPA, Plaintiffs state "defendant" not "defendants" when alleging illegal debt collection practices and specifically point to the debt collection letter that only mentions Defendant Brighthaven. (Resp. at 10.) Although *pro se* litigants are given the benefit of the doubt, a *pro se* plaintiff nonetheless must follow the rules applicable in federal courts if he or she wishes to avail himself or herself of their jurisdiction. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Here, because Defendants challenged the factual basis for the Court's jurisdiction, the burden was on Plaintiffs to establish that Defendant Treehouse was properly named as a defendant under the FDCPA. But the evidence attached to Plaintiffs' Motion for Summary Judgment supports rather than disputes Defendants' contention that Defendant Treehouse is Brighthaven's property manager. (Doc. 19-2 at 8–10.) Since Plaintiffs did not provide evidence to dispute Defendants' assertion that both Defendant Brighthaven and Defendant Treehouse are not proper FDCPA defendants, the Court finds that Plaintiffs failed to meet their burden to establish subject matter jurisdiction based on a federal question.

**B.    Plaintiffs' Claims Against Defendant Brighthaven Are Barred by Res Judicata.**

Defendants also move to dismiss Plaintiffs' claims under Rule 12(b)(6). (MTD at 1.) Defendants argue that Plaintiffs failed to allege a legally cognizable claim in their Complaint because their claims are barred by the doctrine of res judicata. (MTD at 6–8.)

In Response, Plaintiffs state that res judicata does not apply because this "case is not a re-litigation of the same issues between the same parties." (Resp. at 1.)

"Rule 8(c) of the Federal Rules of Civil Procedure denotes res judicata as an affirmative defense." *Baskin v. Federal Home Mortg. Corp.*, No. CV-12-08171-PHX-GMS, 2012 WL 6029741, at *1 (D. Ariz. Dec. 4, 2012). "Ordinarily, affirmative defenses may not be raised in a motion to dismiss." *Id.* "Res judicata, however, may be asserted in a motion to dismiss so long as it does not raise any disputed issues of fact." *Id.* (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) and *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)).

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Services Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citations omitted). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment, and 3) identity or privity between the parties." *Id.* (citing *Blonder-Tongue Lab. v. University of Ill. Found.*, 402 U.S. 313, 323–24 (1971)). Defendants assert that all three requirements are met here. (MTD at 7–8.) Plaintiffs assert that there is no privity between parties and that the issues are different. (Resp. at 1.) Plaintiffs also appear to dispute the finality of the judgments rendered by the state courts in the previous actions by asking the Court to review their decisions. (Resp. at 1.)

The parties to both the Eviction Action and the State Action were Plaintiffs and Defendant Brighthaven. Since the prior litigation cited by the parties did not apparently include Defendant Treehouse, the Court starts by analyzing privity of the parties. Defendants claim that this action involves the same parties as the State Action and the Eviction Action. (MTD at 8.) However, Defendants contradict themselves in the same sentence by asserting that "Plaintiffs . . . now merely added the property management company as well." (*Id.*) Although Defendant Brighthaven was a party in the first action, satisfying the privity requirement, Defendant Treehouse was not a party in the State Action or Eviction Action. (*Id.*) Defendants have provided little evidence to the Court regarding

the relationship between Defendant Brighthaven and Defendant Treehouse beyond the assertion that Defendant Treehouse is a property management company. For that reason, Defendants have not shown privity between Defendants Brighthaven and Treehouse. *See In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotations omitted) ("Privity– for purposes of applying the doctrine of *res judicata*–is a legal conclusion designating a person so identified in interest with a party to former litigation that he represented precisely the same right in respect to the subject matter involved").

Next, the Court finds that the judgments rendered by the Justice Court and the Superior Court are final as applied to Defendant Brighthaven. *See e.g., Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (finding that dismissal with prejudice is a final judgment on the merits under the doctrine of res judicata).

Finally, the Court finds that the identity of the claims supports applying the doctrine of res judicata to the claims against Defendant Brighthaven. Identity of the claims requires the two suits to involve the same claim or cause of action. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). When determining if the two suits involve the same claim or cause of action, courts look to four factors:

> (1) Whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Id.* (quoting *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).

This action, the State Action, and the Eviction Action all involve the same property and rental agreement. The claims in this case are nearly identical to the claims in the State Action. (*See* State Action Compl. at 1–8.) The only difference is that Plaintiffs now assert a claim under the FDCPA rather than a common law fraud claim. Plaintiffs do not dispute Defendants' allegation that they could have brought the FDCPA claim in the prior action. Further litigation of the claims now before the Court will alter the rights and interests of Defendant Brighthaven previously established in both the Eviction Action and the State

Action; namely, Defendant Brighthaven's right to enforce the rental agreement and the right to collect monies owed under that agreement. Thus, Defendant Brighthaven has sufficiently shown that the claims in the instant action arise from the same transactional nucleus of fact and has established that the doctrine of res judicata is appropriate in this case.

## IV. CONCLUSION

The Court finds that it does not have subject matter jurisdiction over Plaintiffs claims against either Defendant and therefore grants Defendants' Motion to Dismiss under Rule 12(b)(1). Even if the Court had subject matter jurisdiction, Plaintiffs' claims against Defendant Brighthaven are barred by the doctrine of res judicata, and the Court would have to dismiss those claims accordingly.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss (Doc. 13) and dismissing Plaintiffs' Complaint (Doc. 1) in its entirety for lack of subject matter jurisdiction. The Clerk of Court is directed to terminate this case.

**IT IS FURTHER ORDERED** denying as moot Plaintiffs' Motion for Summary Judgment. (Doc. 19.)

Dated this 31st day of March, 2023.

Honorable John J. Tuchi
United States District Judge